In the Matter of the Claim of AARON GABRIEL, Respondent, against BROOKLYN-MANHATTAN TRANSIT CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— On January 19, 1925, claimant, in the course of and arising out of his employment, suffered an injury from which a hernia resulted. The injury was received about two P. M. He did no more work that day, but remained at the plant a portion of the time. He received pay for a full day. He was sent by the employer to a physician who, at the employer's expense, furnished him a truss. After two days, for which wages were not paid, he returned to his former work with the same employer. Because of the injury claimant was totally disabled between April 27 and June 22, 1937, and an award for loss of earnings, during that period, was made by the Board. No notice of claim was ever filed. The Board decided that the medical attendance and the truss, paid for by the employer and furnished the claimant immediately after the injury,

amounted to an advance payment of compensation and obviated the necessity of a notice of claim. (Workmen's Compensation Law, § 28.) However, under subdivision 2 of section 25-a, which provides, " (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation," this award should be made against the Special Fund described in section 25-a. Award reversed, with costs against the State Industrial Board, and matter remitted to the Board for an award against the Special Fund. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.